UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

PATRICK W. HUFF,                                    Case No.: 11-01342

   Debtor.

**ORDER ON DEBTOR'S MOTION TO AVOID LIEN**

   Irvin Grodsky, Attorney for the Debtor, Mobile, Alabama
   Mark P. Williams, Attorney for Creditor, Birmingham, Alabama

   This matter is before the Court on the Debtor's motion to avoid a judicial lien pursuant to 11 U.S.C § 522(f). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2)(K). For the reasons indicated below, the Court is setting a further hearing on the matter if the parties are not in agreement as to valuation. Otherwise, the Debtor's motion will be granted.

FACTS

   The Debtor filed a petition for Chapter 7 bankruptcy relief on April 4, 2011. In Schedule A of his petition, the Debtor included an interest in real property located at Maurice Poiroux Road, Theodore, Alabama 36582 (the "property"). The Debtor's petition values the property at $390,000. The Debtor's valuation of the property at $390,000 was not consented to by counsel for Stuart C. Irby Company ("Creditor"), but he presented no evidence of any other value. The Court finds that $390,000 is the value of the property for purposes of this matter. The petition details $289,671.42 in secured liens encumbering the property, consisting of a first and second mortgage. The Debtor and his wife hold the property as tenants in common with rights of survivorship and describe the property as their homeplace. The Debtor valued his interest in the

1

property at $500. Pursuant to Alabama Code § 6-10-2, the Debtor claimed his interest in the property to be exempt.

The Creditor currently holds a judgment lien against the Debtor's property. The lien was recorded on June 18, 2010 in the office of the Judge of Probate of Mobile County, Alabama. The Debtor's Schedule D values the judgment lien at $88,289.90. The Debtor filed this motion to avoid the judgment lien, as it pertains to the property, insisting that his interest was less than $5000 and the property was entirely exempt from the lien because the judgment lien could be stripped from the property. The Creditor contests the Debtor's valuation of his interest in the property, but offered no evidence of valuation.

LAW

11 U.S.C. § 522(f)(1)(A) states that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…if such lien is a judicial lien." A lien shall be considered to impair an exemption to the extent that the sum of—

> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). The petition date is the appropriate measuring point to assess the value of the property for a debtor's motion to avoid a lien under § 522(f). *In re Thigpen*, 374 B.R. 374, 376 (Bankr. S.D. Ga. 2007). Further, "[o]nce a lien is avoided, it does not reattach to the property to reach any future increase in value or other equity in the property that might accrue." 4 *Collier on Bankruptcy* ¶ 522.11[3] (16th Ed. 2010)**.**

2

In this case, the lien in question is a judicial lien because it is a lien obtained by judgment. 11 U.S.C. § 101. It attached to the property pursuant to its recording with the Office of the Judge of Probate in Mobile County. The Debtor wishes to avoid the judgment lien completely as to the property in question. The Creditor argues that the judgment lien can only be avoided to the extent that it impairs an exemption to which the Debtor is entitled. The Creditor's statement of law is correct as courts interpret the "to the extent" language contained in § 522(f) to allow for partial avoidance of a judicial lien. *In re Pearson*, 428 B.R. 533 (Bankr. D. Colo. 2010).

Many of the values necessary for resolution of this issue are readily apparent to the Court. The petition values the judgment lien at $88,289.90 and the value of all other liens encumbering the property is $289,671.42. The value of the Debtor's homestead exemption, pursuant to Alabama law, is $5000 and his wife's is also $5000. Ala. Code § 6-10-2 (1975). The product of those values is $387,961.32. Pursuant to the formula detailed in § 522(f)(2)(A), the difference between $390,000 and $387,961.32 is $2,038.68, the nonexempt equity in the property. Further, the Debtor's portion of that nonexempt equity is $1,019.34 because the Debtor holds the property with his wife as a tenant in common with rights of survivorship. A tenancy in common with a right of survivorship is "a form of concurrent ownership in property as tenants in common during the respective lives of the grantees with cross-contingent remainders in fee to the survivor." *Durant v. Hamrick*, 409 So. 2d 731, 738 (Ala. 1982). Under a typical two-person tenancy in common, each tenant would hold a 50% interest in the property with each having a right to possession of the whole.

The 11th Circuit addressed a § 522(f) motion where the Debtor was a tenant in common with his non-debtor spouse in *In re Lehman*, 205 F.3d 1255 (11th Cir. 2000). In that case, the debtor's property was valued at $225,000 and was encumbered by a $165,000 mortgage lien.

3

The debtor was entitled to a $5,312 homestead exemption under Georgia law, and the judicial lien in question was worth $53,878.19. The court recognized that under a literal adherence to the plain language of § 522(f)(2)(A) the debtor's interest in the property in the absence of any liens, as a tenant in common, would be equal to half the total value of the property—$112,500 ($225,000 divided in half). Using that value in the § 522(f)(2)(A) formula, the sum of all liens on the property, including the judicial lien, and the exemption amount totaled $224,190.19. $224,190.19 exceeds $112,500 by $111,690, an amount well in excess of the amount of the judicial lien, avoiding it in its entirety.

Affirming the bankruptcy court, the 11th Circuit recognized that the effect of dividing the total value of the property in half to represent the debtor's unencumbered interest for purposes of the § 522(f)(2)(A) calculation was to insulate available equity from the judicial lienholder. *Id*. at 1256. Deeming that an absurd result, the court decided to depart from the plain language of § 522(f)(2)(A) by using the total value of the property, $225,000, and allocating the equity between the tenants in common to determine any impairment of the debtor's exemption.

> The value of the entire property is $225,000. Deducting the mortgage, $165,000, leaves $60,000 equity in the property, not accounting for [the judicial] lien. The debtor's half-interest in the property is therefore worth $30,000. After deducting the debtor's exemption, $5,312.00, there is remaining in the property $24,688.00. [The judicial] lien is in the amount of $53,879.00, which clearly impairs the Debtor's exemption. [The judgment creditor] is, however, entitled to retain its lien on the unencumbered, nonexempt portion of the debtor's property, in the amount of $24,688.00.

*Id*. at 1257; *see also Nelson v. Scala*, 192 F.3d 32, 35 (1st Cir. 1999) (departing from a literal application of § 522(f)(2)(A) based on "the asymmetry of obligations as between [the debtor] and his wife"); *In re Ware*, 274 B.R. 206 (Bankr. D.S.C. 2001) (same).

The instant situation presents the additional dilemma of the effect of the Debtor's right of survivorship on his interest in the property. The Debtor argues that his one half interest in the

$2,038.68, $1,019.34, is actually nonexistent because his ownership interest with right of survivorship in the property is worth no more than $5000, not $6,019.34. The fact that his wife may outlive him and receive all of his property interest, leaving no equity for any creditor, diminishes the value of his interest and he cannot sell his interest easily. A sale without his wife's consent would require partitioning which may or may not be possible. Indeed, under Alabama law, the Debtor cannot unilaterally defeat his wife's contingent remainder. *Durant*, 409 So. 2d at 737. Counsel for Creditor presented no evidence or case law to refute this point.

If the Court accepts Debtor's premise that the value of his interest is less than the "face amount," then the Debtor is correct and the Creditor's judgment lien is avoided in its entirety. If the Creditor has evidence it wishes to present that the Debtor's interest is greater than $5000, it must present it at the hearing scheduled in this order.[1]

Therefore, it is ORDERED that

1. This matter is set for further hearing on Tuesday, December 13, 2011 at 8:30 for the parties to present evidence of valuation, if there is a dispute. Otherwise, Debtor's motion is GRANTED as to the Maurice Poiroux Road property only.


Dated:   November 23, 2011


*[signature]*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE

---

[1] This court has located no cases applying Alabama law that speak to the effect of rights of survivorship on the value of interests in property in the § 522(f) context. Other courts have addressed the issue in various contexts, but no clear consensus has been reached as to their effect. *See In re Hermann*, 224 B.R. 101 (Bankr. D.Minn. 1998); *In re Kennedy*, 804 F.2d 1332 (7th Cir. 1986); *In re Basher*, 291 B.R. 357 (Bankr. E.D. Penn. 2003); *In re Odegaard*, 31 B.R. 718 (Bankr. D.Or. 1983); *In re Levinson*, 372 B.R. 582 (Bankr. E.D.N.Y. 2007).