UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

PATRICK W. HUFF,                                                    Case No.: 11-01342

    Debtor.

**ORDER DENYING CREDITOR'S MOTION TO ALTER OR AMEND**

Irvin Grodsky, Attorney for the Debtor, Mobile, Alabama
Mark P. Williams, Attorney for Creditor, Birmingham, Alabama

This matter is before the Court on Creditor Stuart C. Irby Company's motion to alter or amend an order previously entered by the Court in this case. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Creditor's motion is DENIED.

**FACTS**

Patrick W. Huff ("Debtor") filed for Chapter 7 bankruptcy relief on April 4, 2011. On October 19, 2011, he filed a motion to avoid a judicial lien on his homestead property. The judicial lien is held by the Stuart C. Irby Company ("Creditor"). The judicial lien was properly recorded in office of the Judge of Probate in Mobile County, Alabama. The Debtor's homestead property is located at 6451 Maurice Poiroux Road, Theodore, Alabama 36582 (the "Maurice Poiroux Road property"). In his bankruptcy schedules, the Debtor valued the Maurice Poiroux Road property at $390,000. The schedules also detailed that the Maurice Poiroux Road property was subject to a $377,961.32 secured claim consisting of a first and second mortgage totaling $289,671.42 and the Creditor's judgment lien. The Debtor held the Maurice Poiroux Road

1

property as a tenant in common with a right of survivorship in favor of his wife. The Debtor asserted the entirety of his $5,000 Alabama homestead exemption against any equity he had in the Maurice Poiroux Road property. The Creditor did not object to or attempt to qualify the assertion of the Debtor's exemption as to the Maurice Poiroux Road property.

Considering those facts, the Debtor argued that the Creditor's judicial lien should be avoided in its entirety as to the Maurice Poiroux Road property because beyond his asserted $5,000 Alabama homestead exemption he had no equity in the Maurice Poiroux Road property. The Court agreed with the Debtor's assessment and on November 23, 2011 entered an order that operated to completely avoid the Creditor's judicial lien as impairing the Debtor's homestead exemption unless the Creditor could present some further evidence that equity was available for the judicial lien to attach.[1] The Court specifically noted in its order that the avoidance of the lien only related to the Maurice Poiroux Road property.

The Creditor filed the present motion to amend or alter the Court's November 23 order on December 16, 2011. The Creditor argues that the order did not sufficiently specify that the relief granted in the order was limited solely to the Debtor's homestead property. The Court held a hearing on the matter on February 28, 2012. At the hearing, the Creditor presented new facts to the Court. The Maurice Poiroux Road property is subdivided into two lots. Lot 1 abuts Maurice Poiroux Road and contains the Debtor's house. Lot 2 is immediately east of and adjoined to Lot 1, but contains an easement that runs along the southern border of Lot 1 to Maurice Poiroux Road. The two parcels are substantially the same size. Apparently, Lot 2 is used by the Debtor and his family for recreation including a swimming pool and a pasture for horses owned by the family. The Creditor submitted 2011 tax assessment records indicating that Lots 1 and 2 are

---

[1] *In re Huff*, 2011 WL 5911926 (Bankr. S.D. Ala. 2011). Where appropriate, the facts detailed in the Court's November 23, 2011 order are incorporated here by reference.

valued at $337,900 and $29,200, respectively. Lot 1 is encumbered by the two mortgages detailed above, whereas, Lot 2 is unencumbered.

The Creditor argues that the Court's order avoiding its judicial lien should be limited to Lot 1 because the two parcels have different debt structures. The Creditor concedes that the whole Maurice Poiroux Road property was claimed as exempt in the Debtor's bankruptcy case without objection. However, the Creditor insists that because the property is divided into two parcels, one encumbered and one not, the judicial lien should only be avoided as to the encumbered parcel—Lot 1. As such, the Creditor requests that this Court amend its order to make clear that the judicial lien is only avoided on Lot 1 and not Lot 2 of the Maurice Poiroux Road property.

## LAW

Bankruptcy courts situated in Alabama consider exemptions as provided by Alabama state law. *In re Hughes*, 306 B.R. 683, 685 (Bankr. M.D. Ala. 2004). Ala. Code § 6-10-2 (1975) allows individuals in Alabama to exempt from debt collection $5,000 of equity in their homestead. To assert the Alabama homestead exemption, a Debtor must own and occupy the property in question. *Hughes*, 306 B.R. at 686. However, it is not necessary for the homestead property to contain the dwelling or actual physical residence of a debtor. *Id*. Rather, the hallmark of a proper homestead exemption claim is based upon the "use to which the land is put." *Id*. (quoting *In re Rester*, 46 B.R. 194, 196 (S.D. Ala. 1984)).

In this case, the entire Maurice Poiroux Road property qualifies as the Debtor's homestead for exemption purposes. The Debtor asserted the homestead exemption as to the entire Maurice Poiroux Road property. He did not qualify the exemption based upon the Maurice Poiroux Road property's division into two lots and the Creditor did not object to the Debtor's

3

Case 11-01342    Doc 52    Filed 03/05/12    Entered 03/05/12 12:23:34    Desc Main
Document      Page 3 of 6

failure to make the distinction. The Debtor submits that Lot 1 and Lot 2 constitute his homestead. The Debtor's home is on Lot 1 and he and his family use Lot 2 for recreation including swimming and tending to their horses. These uses are consistent with homestead purposes. *See Greer v. Altoona Warehouse Co.*, 20 So. 2d 513, 515 (Ala. 1945); *In re Hughes*, 306 B.R. at 686. Further, the fact that the Maurice Poiroux Road property is subdivided does not alter its status as the Debtor's homestead. It is clear that under Alabama law multiple, separate or contiguous tracts of land can be considered a homestead for purposes of the exemption because the operative question concerns the nature of the property's (or properties') use as a homestead. *Id*.; *Tyler v. Jewett*, 82 ala. 93, 2 So. 905, 909 (Ala. 1887) ("Two or more adjoining lots may be occupied and used as a homestead, and for this purpose constitute one lot or tract."). Therefore, because Lot 1 and Lot 2 are used for homestead purposes, i.e., living and private recreation, they constitute the Debtor's homestead.

Moreover, the fact that Alabama exemption law views the Debtor's homestead as a single entity without regard to whether it is comprised of multiple lots or parcels guides the analysis to be used under the lien avoidance statute at issue—11 U.S.C. § 522(f). Section 522(f)(1)(A) states that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…if such lien is a judicial lien." A lien shall be considered to impair an exemption to the extent that the sum of—

> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

4

Case 11-01342    Doc 52    Filed 03/05/12    Entered 03/05/12 12:23:34    Desc Main
Document      Page 4 of 6

11 U.S.C. § 522(f)(2)(A). In its previous ruling, this Court used the total value of the Maurice Poiroux Road property, $390,000, to calculate whether any equity existed above and beyond all liens, interests, and the Debtor's exemption amount pursuant to § 522(f)'s formula. The result was a determination that the Creditor's judicial lien should be avoided completely unless the Creditor could demonstrate that the Debtor's limited interest in the property as a tenant in common with right of survivorship allowed for some equity onto which the Creditor's judicial lien could attach without impairing the Debtor's exemption. The Creditor presented no such evidence.

However, the Creditor argues that Lot 1 and Lot 2 should be viewed independently to determine if any equity exists for its lien to attach. The Creditor asserts that because Lot 2 is unencumbered, equity is available on that parcel for the Debtor to receive his full homestead exemption without avoiding the judicial lien in its entirety. However, this analysis overlooks that under Alabama law the homestead is considered a single entity for purposes of the exemption. Thus, the "property" referred to in § 522(f) means the entire property that is the subject of the exemption. In this case, that property is the Debtor's homestead, which is made up of Lot 1 and Lot 2 of the Maurice Poiroux Road property. Its total value, encumbrances, interests, and the Debtor's exemption amount should be considered in determining if the Debtor's exemption is impaired. Therefore, the result stated in the Court's previous order is not altered by the fact that the Maurice Poiroux Road property is subdivided.

THEREFORE it is ORDERED

1. The Creditor's motion to alter or amend is DENIED;

2. The Creditor's judicial lien is avoided completely as to the Maurice Poiroux Road property, including Lot 1 and Lot 2, because the Debtor's interest in the property is worth less than the $5,000 exemption amount that he is entitled to under Alabama law.

Dated: March 5, 2012

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE